UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERIC MARTIN,

       Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
DONNA BRUNNER, POLICE OFFICERS JOHN
DOE 1-5,

       Defendants.
----------------------------------------------------------------X

<u>Order</u>
CV-04-3874 (ARR) (JMA)

A P P E A R A N C E S:

| | |
|---|---|
| Jay K. Goldberg, Esq. | Seth D. Eichenholtz, Esq. |
| Goldberg & Allen, LLP | Assistant Corporation Counsel |
| 49 West 37th Street, 7th Floor | New York City Law Department |
| New York, NY 10018 | 100 Church Street |
| Attorney for Plaintiff | New York, NY 10007 |
| | Attorney for Defendants |

AZRACK, United States Magistrate Judge:

      This is a civil rights case brought under 42 U.S.C. § 1983 (2005) in which plaintiff Eric Martin sued after being arrested multiple times on a warrant issued for someone else with plaintiff's same name. Plaintiff requests leave to amend his complaint to add as defendants Police Officer Haney and Stephen Hammerman, Esq., a former Deputy Commissioner of Legal Affairs at the New York Police Department. Defendants do not oppose the addition of proposed defendant Haney, the partner of defendant Police Officer Donna Brunner, but object to the addition of proposed defendant Hammerman.

      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the complaint "by written consent of the adverse party[.]" Fed. R. Civ. P. 15(a). Plaintiff informed me in his letter

request that counsel for defendants had consented to the addition of Officer Haney. Defendants, in their response to plaintiff's letter, are silent on this. I take defendants' silence to mean defendants consent to the addition of Officer Haney. Thus, plaintiff's request for leave to amend to add Officer Haney is hereby granted.

Where the adverse party does not consent, leave to amend should still be "freely given[.]" Fed. R. Civ. P. 15(a). In the instant case, after plaintiff had been stopped or arrested five times, plaintiff's counsel wrote Hammerman in his capacity as the NYPD Deputy Commissioner for Legal Affairs to alert Hammerman of plaintiff's continued mistaken arrests and detentions, and to prompt Hammerman to vacate the open warrant which was causing the arrests. No action was taken for almost two months, in the meantime, plaintiff was arrested again under the warrant. Plaintiff wishes to add Hammerman based on his notice and subsequent inaction which plaintiff claims led to his later arrest. Defendants oppose granting leave to add Hammerman.

Supervisors such as Hammerman can be held liable under section 1983 where "after being informed of the violation through a report or appeal, [they] failed to remedy the wrong" or where they failed "to act on information indicating that unconstitutional acts were occurring." Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). For the purpose of amending the complaint to add Hammerman as a defendant, plaintiff meets this standard. Plaintiff's letter to Hammerman informed him of plaintiff's arrests, and Hammerman thereafter apparently failed to remedy the wrong. The same is true under the other Richardson test: Hammerman failed to act on information indicating that the arrests were occurring. I express no opinion here on how soon an official must act; I make these points only to show that the facts as described fit within the articulated standard, and that therefore the addition of

Hammerman would not be futile, as defendants suggest.

Defendants argue that plaintiff was attempting to create liability by sending Hammerman the letter. They cite Johnson v. Wright, 234 F. Supp. 2d 352, 363-64 (S.D.N.Y. 2002), and Atkins v. County of Orange, 251 F. Supp. 2d 1225, 1233 (S.D.N.Y. 2003), for the proposition that the personal involvement requirement of section 1983 cannot be established by an allegation that an official ignored a letter. Johnson v. Wright is distinguishable, as it construes the Richardson standard only in the context of letters from prison inmates to prison officials. In that context, it has been held (but never by the Second Circuit) that ignoring prisoner letters cannot raise liability, mainly because of the mountain of letters prison officials receive from inmates. See Johnson, 234 F. Supp. 2d at 363-64.

The letter at issue in this case, on the other hand, was written by plaintiff's counsel, and sent to the official within the NYPD bureaucracy who could (and later did) instigate action to vacate the warrant. It is not one of thousands of letters prisoners write to wardens, and I see no authority for the proposition that it cannot help establish liability. In Atkins v. County of Orange, letters to supervisors deemed insufficient to raise liability under Richardson were not sent by inmates, but by nurses attending to inmates. See Atkins, 251 F. Supp. 2d at 1233. The only cases cited in Atkins were the "prisoner letter" cases described above; Atkins may have been an incorrect application of the standard. In any event, the applicability of Atkins can be argued in a later motion. Thus, leave to amend the complaint to add Hammerman is granted, as is permission to file an amended complaint including the two proposed defendants.

SO ORDERED.

Dated: Brooklyn, New York
May 31, 2005

__/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE